## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

WSOU INVESTMENTS, LLC D/B/A BRAZOS
LICENSING AND DEVELOPMENT,

        Plaintiff,

v.

SALESFORCE.COM, INC.

        Defendant.

Civil Action No.:  6:20-cv-1163-ADA

**JURY TRIAL DEMANDED**

## DEFENDANT SALESFORCE'S RULE 12(b)(6) MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      BACKGROUND ...................................................................................................1

    A.      The '731 Patent Relates to Caller ID and, In Particular, "Call Spoofing"...............1

    B.      WSOU's Complaint Contains No Allegations Regarding Caller ID Technology or the Claims of the '731 Patent .........................................................2

II.     WSOU'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM TO RELIEF ...................................................................4

    A.      Legal Standard ........................................................................................................4

    B.      WSOU Fails To Allege Any Facts Supporting its Direct Infringement Claim ...................................................................................................................5

    C.      WSOU Also Fails To Allege Facts Sufficient to Support Indirect Infringement...........................................................................................................7

III.    WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED ......................................................................................................8

    A.      WSOU Cannot Plead Pre-Suit Knowledge.............................................................8

    B.      WSOU Cannot Plead The Requisite Specific Intent For Induced Infringement...........................................................................................................9

    C.      WSOU Also Cannot Plead The Requisite Lack Of Substantial Non-Infringing Uses For Contributory Infringement ...................................................12

IV.     CONCLUSION...................................................................................................13

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Achates Reference Pub., Inc. v. Symantec Corp.*,
2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ................................... 10

*Achates Reference Pub., Inc. v. Symantec Corp.*,
2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013)................................... 10

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ........................................................................................... 9

*Affinity Labs of Texas, LLC v. Blackberry Ltd.*,
No. W:13-CV-362, 2014 WL 12551207 (W.D. Tex. Apr. 30, 2014)...................................... 10

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ......................................... 9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015).................................................................................................. 5

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177 (2019).................. 3, 4, 5, 11

*Atlas IP, LLC v. Commonwealth Edison Co.*,
686 F. App'x 921 (Fed. Cir. 2017) ........................................................................................... 3

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ........................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................ 1, 3, 4, 5

*In re Bill of Lading*,
681 F.3d 1323 (Fed. Cir. 2012).......................................................................................... 4, 6, 11

*BMC Res., Inc. v. Paymentech, L.P.*,
498 F.3d 1373 (Fed. Cir. 2007)........................................................................................... 4, 5, 6

*Castlemorton Wireless, LLC v. Bose Corp.*,
No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020)........................ 7, 8

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018).............................. 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)............................................................................................................... 7

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-751-JDL, 2015 WL 5000397 (E.D. Tex. June 3, 2015) ................................... 10

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
   No. 6:14-CV-751-JRG-JDL, 2015 WL 13885437 (E.D. Tex. July 15, 2015)........................ 10

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)............................................................................................. 8

*De La Vega v. Microsoft Corp.*,
   No. 19-612, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)............................................. 4, 5, 6

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*,
   No. SA-18-CV-1335-XR, 2019 WL 2601347 (W.D. Tex. June 25, 2019) .......................... 4, 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)............................................................................................................. 7

*Glory Licensing LLC v. United Airlines, Inc.*,
   No. 09-5569, 2011 WL 13295205 (E.D.N.Y. Mar. 15, 2011)................................................ 6

*Inhale, Inc v. Gravitron, LLC*,
   No. 1-18-CV-762-LY, 2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................ 11

*Laguna Hermosa Corp. v. United States*,
   671 F.3d 1284 (Fed. Cir. 2012)............................................................................................. 3

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017)............................................................................................. 4

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2017)........................................................................................... 4, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)..................................................................................... 10

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-CV-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020).......... 7, 8

*Promotional Techs., LLC v. Facebook, Inc.*,
   No. 3:11-CV-3488-P, 2012 WL 13026789 (N.D. Tex. Sept. 27, 2012)................................. 8

*Ricoh Co. v. Quanta Comput. Inc.*,
   550 F.3d 1325 (Fed. Cir. 2008)............................................................................................. 4

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
   No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ......................... 8, 10

*VLSI Tech., LLC v. Intel Corp.*,
   No. 6:19-CV-00256-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019)....................... 7, 8

### **Rules and Regulations**

Fed. R. Civ. P. 12(b)(6)................................................................................................................. 1, 3

Local Rule CV-7(h) ..................................................................................................................... 11

Defendant salesforce.com, inc. ("Salesforce") respectfully requests the Court dismiss the Complaint because Plaintiff WSOU Investments, LLC ("WSOU") has failed to articulate any plausible theory of infringement .  Salesforce further requests, in the alternative, dismissal of Plaintiff WSOU Investments, LLC's ("WSOU")'s induced and contributory infringement claims as inadequate under *Iqbal/Twombly*.

*First*, Salesforce requests the Court dismiss WSOU's complaint in its entirety under Rule 12(b)(6) for failure to state a claim, as the Complaint lacks any reference to any claim elements of the asserted patent, is devoid of any factual allegations relevant to the U.S. Patent No. 7,551,731, and offers no trace of any infringement theory.  The Complaint fails to elevate WSOU's claim for relief to the realm of plausibility and should be dismissed.

*Second,* WSOU's indirect infringement allegations are deficient under this Court's basic pleading standards.  The allegations about Salesforce's knowledge – a requisite element of any indirect infringement claim - rest only on the filing of the Complaint itself. This Court has confirmed that this type of allegation is insufficient to mount an indirect infringement claim, since it does not plead any facts for inference of pre-suit knowledge of the asserted patent. Also fatal to its allegations is WSOU's failure to allege specific intent for induced infringement and lack of substantial non-infringing uses for contributory infringement.  On each of these separate grounds, the Court should grant Salesforce's motion and dismiss WSOU's claims of indirect infringement.

## I.    BACKGROUND

### A.    The '731 Patent Relates to Caller ID and, In Particular, "Call Spoofing"

The '731 patent, entitled "Flexible Caller ID And Calling Name Information Presentation" is directed to the displaying of alternative caller ID information on a calling terminal.  (Dkt. 1-1 at 2.)  The patent purports to improve caller ID by providing a method for using alternate caller names, numbers, or messages in place of preassigned values.  (*E.g.*, *id.* at 7; 4:58-64.)  The patent

provides an example of this with a service presently known as *call spoofing*.[1]  A caller making a call from a home number on behalf of an entity may have the entity's number displayed at the called party screen instead of the number the caller is actually calling from.  (*Id.*; 3:46-57.)  Claim 1 recites:

> A method for network support for providing caller flexibility information of a calling terminal, comprising the steps of:
>
> > entering a command to use at least one of an alternate caller name, an alternate caller number and an alternate caller message for a calling terminal, instead of a preassigned caller name and caller number for the calling terminal;
> >
> > looking up, based on at least one of a hour, minute, second and day, the at least one of an alternate caller name, an alternate caller number and an alternate caller message, the at least one of an alternate caller name, an alternate caller number and an alternate caller message being changeable by at least one of the calling terminal and a network; and
> >
> > using the at least one of an alternate caller name, an alternate caller number and an alternate caller message in place of the preassigned caller name and caller number for the calling terminal.

(*Id.* at 8; 5:35-55.)  Claim 1, a method claim, is the only claim WSOU references in its Complaint. (*See generally* Dkt. 1, *see id.* at ¶ 29.)

## B.   WSOU's Complaint Contains No Allegations Regarding Caller ID Technology or the Claims of the '731 Patent

The Complaint includes no discussion of caller ID technology or functionality.  (*See generally* Dkt. 1.)  Further, the only reference to the text of the '731 patent in the Complaint is in paragraph 2, which provides only the patent number and title.  (Dkt. 1 at ¶ 2.)  WSOU purports to allege infringement of claim 1 of the '731 patent (a method claim) by Salesforce Communities, (Dkt. 1 at ¶ 4), but WSOU fails to allege Salesforce Communities provides any caller ID technology or functionality.  (*See generally* Dkt. 1.)

---

[1] *See*, *e.g.* Federal Communications Commission, *Caller ID Spoofing*, available at https://www.fcc.gov/spoofing ("Spoofing is when a caller deliberately falsifies the information transmitted to your caller ID display to disguise their identity.").

WSOU's Complaint instead is directed at menu functionalities of websites built with Salesforce Communities.  These allegations are set forth in their entirety in paragraphs 4-29 of the Complaint, which consist of a number of URLs and screenshots discussing menu functionalities. (*E.g.*, Dkt. 1 at ¶ 6 ("customizable navigation menu components"), ¶ 7 (user location detection); ¶ 8-10 (menu items associated with services); ¶ 11-15 (discussing community.logitech.com as allegedly illustrative of menu functionalities); ¶ 18-28 (discussing menu language on community.logitech.com).  Based solely on these allegations, WSOU alleges direct infringement (¶ 30); inducement (¶ 32); and contributory infringement (¶ 33) of the '731 patent by Salesforce Communities.  (Dkt. 1 at ¶ 4-29; 30-33.)  Critically, these functionalities bear ***no relationship whatsoever*** to any limitations of the claims of the '731 patent.  For example, WSOU nowhere references either claim limitations or any alleged Salesforce functionality corresponding to "caller terminals"; "entering [] command[s] to use at least one of an alternate caller name, an alternate caller number and an alternate caller message"; "looking up" an alternate name, number, or message based on time of day; or using an alternate name, number, or message in place of a preassigned one.  (*Cf.* Dkt. 1 at ¶¶ 4-29 with Dkt. 1-1 at 8; 5:35-55 (claim 1 of the '731 patent).)  WSOU also nowhere alleges Salesforce, or any other party, performs the method of claim 1 of the '731 patent, via Salesforce Communities, or via any other means.  (*Id*.)  Nor does WSOU mention, discuss, or make any specific factual allegations regarding any step of claim 1.  (*Id*.)

Further, WSOU's sole allegation regarding Salesforce's knowledge of the '731 patent is a statement that "Salesforce has received notice and actual or constructive knowledge of the '731 Patent since at least the date of service of this Complaint."  (*See* Dkt. 1 at ¶ 31.)

## II.   WSOU'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM TO RELIEF

### A.   Legal Standard

To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A cause of action should be dismissed "when the facts asserted do not give rise to a legal remedy, or do not elevate a claim for relief to the realm of plausibility." *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citations omitted).  In patent litigation, meeting the *Iqbal/Twombly* standard requires some level of specificity beyond mere **recitation of a patent claim's elements.** *Artrip v. Ball Corp.*, 735 F. App'x 708, 714-715 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 1177 (2019).  Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Atlas IP, LLC v. Exelon Corp*., 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co*., 686 F. App'x 921 (Fed. Cir. 2017) (plausibility standard requires **coherent theory** of which claims are allegedly infringed and how the accused products practice elements of the asserted claims).

The *Twombly/Iqbal* "plausibility standard applies to direct infringement claims." *Artrip v. Ball Corp.*, 735 Fed. App'x at 714 n.4 (*citing Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376-77 (Fed. Cir. 2017)).  As this Court has recently explained, *Twombly* and *Iqbal* require, at minimum, that "the complaint must plead 'facts sufficient to allow a reasonable inference that all steps of the claimed method are performed.'" *De La Vega v. Microsoft Corp.*, No. 19-612, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020) (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331,

1339 (Fed. Cir. 2017)).  Further, any claim of indirect infringement requires a plausible claim of direct infringement.  *Id.* at *7 (*quoting In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)).

### B.    **WSOU Fails To Allege Any Facts Supporting its Direct Infringement Claim**

WSOU's allegations do not meet the *Twombly/Iqbal* plausibility standard because they do not plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed."  *De La Vega*, 2020 WL 3528411, at *4 (dismissing complaints that "were completely silent [on] how Microsoft and Google could have directly infringed claim 1 during testing . . .");  *see also Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1333 (Fed. Cir. 2008) ("Infringement of a method claim 'occurs when a party performs all of the steps of the process.'") (*quoting BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379 (Fed. Cir. 2007)); *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019).

*First*, WSOU's Complaint fails to even recite the elements of the asserted claim (which alone would not be enough) or provide any allegations to support any inference that *any* step of the claimed method is performed.  The Complaint makes no mention of any step of the asserted method claim, let alone any attempt to relate said steps to the product it purports to accuse, Salesforce Communities.  *See* § II.B, *supra*.  The Complaint lacks any trace of support for the allegation that Salesforce Communities performs a method for displaying alternative caller ID information.  *Id*.  On this basis, the Court should dismiss WSOU's complaint in its entirety.  *See Artrip v. Ball Corp.*, 735 F. App'x at 714-715; *De La Vega*, 2020 WL 3528411 at *4.

Even where a plaintiff recites claim steps and purports to correlate them to website screenshots, this is not enough.  Instead, "Plaintiff must further allege how the screenshots meet the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met."  *Chapterhouse, LLC v. Shopify, Inc.*,

5

No. 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018).  In that case, the plaintiff broke down the asserted claim "into individual elements with 'supporting' screenshots," and recited the claim language, stating that the accused product met the limitation by reference to exemplary screenshots as factual support.  *Id*. at *2.  Judge Gilstrap dismissed the claims, holding that this approach was no more than a "conclusory statement" and "accompanying factual allegations" were required to state a claim for relief.  *Id*.  Here, WSOU's purported infringement claims provide even less factual support than the insufficient claims in *Chapterhous*e, offering absolutely no specific discussion of the claim it purports to assert, instead discussing website menu functionalities in screenshots that bear no cognizable relation to the asserted caller ID/call spoofing claim.  *See* § II.B, *supra*.

*Second*, WSOU fails to allege infringement by anyone at all.  WSOU asserts one method claim, claim 1.  (Dkt. 1 at ¶ 29.)  But direct infringement of a method claim only "occurs where all steps of a claimed method are performed by or attributable to a single entity."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) (citing *BMC*, 498 F.3d at 1379-81).  Accordingly,  as this Court has recently explained, when alleging "joint infringement by the combined acts of multiple parties," the plaintiff must further plausibly plead that "'either (1) one party exercises the requisite "direction and control" over the other's performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.'"  *De La Vega*, 2020 WL 3528411, at *4 (quoting *Lyda*, 838 F.3d at 1339).

Here, WSOU is alleging joint infringement by the combined acts of multiple parties.  Notwithstanding that the Complaint does not support any inference that Salesforce Communities performs a caller ID method, the Complaint alleges that the asserted claim is performed by third parties other than Salesforce, such as a Salesforce Community administrator (i.e. someone using

Salesforce Communities to build and manage websites) and/or a website user interacting with menus.  (*See* Dkt. 1 at ¶ 7 ("admin can enable detection of the location of user devices"; ¶ 19 ("community visitors can choose their preferred language."); ¶ 23 ("user can also manually change the region and select a different language")).)  Despite basing its allegations on the actions of these third parties, WSOU nowhere alleges that Salesforce exercised direction and control over their performance or that any joint enterprise exists between Salesforce and these parties.

Accordingly, even if the Court were willing to take the leap of logic required to find that WSOU has plausibly asserted that Salesforce Communities web menus practice a call spoofing patent (it should not), WSOU's direct infringement allegations would still fail, because the Complaint fails to assert how these actors form a joint enterprise such that performance of every step is attributable to the controlling party.  *De La Vega*, 2020 WL 3528411, at *4 ; *see also Glory Licensing LLC v. United Airlines, Inc.*, No. 09-5569, 2011 WL 13295205, at *2 (E.D.N.Y. Mar. 15, 2011) ("Because the only theory of infringement alleged in the complaint requires multiple actors, (*i.e.*, defendant and a United customer to act as a 'user'), in order to adequately plead direct infringement, Glory would have needed to allege that United controlled its customers, a dubious contention.") (footnote omitted).

###     C.     WSOU Also Fails To Allege Facts Sufficient to Support Indirect Infringement

If a plaintiff's allegations of direct infringement fail, so too must corresponding allegations of indirect infringement:  "To support a claim for indirect infringement, a plaintiff must plead 'facts sufficient to allow an inference that at least one direct infringer exists.'"  *De La Vega*, 2020 WL 3528411, at *7 (*quoting In re Bill of Lading*, 681 F.3d at 1336).  Accordingly, all of WSOU's indirect infringement allegations should be dismissed for the same reasons set forth in section II.B, *supra*.

Even absent this logical legal requirement, WSOU's claims of indirect infringement are deficient for the same reasons that its claims of direct infringement are:  the Complaint lacks even the slightest trace of support for the allegation that Salesforce Communities, or anyone using Salesforce Communities, performs a method for displaying alternative caller ID information. WSOU's claims of contributory infringement and inducement are encompassed entirely in paragraphs 32 and 33 of its Complaint, which fail to provide any support for a reasonable inference that *any* step of the claimed caller ID method is performed by any party via Salesforce Communities.  (Dkt. 1 at ¶ 32-33.)

*      *      *      *      *

In sum, as WSOU has failed to plausibly allege any infringement of claim 1 of the '731 patent by anyone, the Court should dismiss WSOU's entire Complaint.

## III.   WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

### A.   <u>WSOU Cannot Plead Pre-Suit Knowledge</u>

Both induced and contributory infringement "require[] knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement.").  With respect to the knowledge requirement, this Court has repeatedly held that failure to plead any facts supporting an allegation of pre-suit knowledge of the asserted patent should result in the dismissal of a plaintiff's indirect infringement claims.  *See Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-CV-00432-ADA, Text Order Granting D.I. 54 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has

8

had knowledge of the '431 Patent since at least the filing of the original complaint" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement" (D.I. 28 (Am. Compl.) at ¶ 44)); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-00256-ADA, 2019 WL 11025759, *1-2 (W.D. Tex. Aug. 6, 2019) (dismissing indirect infringement claims with no allegation of actual knowledge and insufficient facts to support allegations of willful blindness).

Like the complaints in the *Castlemorton*, *Parus Holdings*, and *VLSI* cases, the Complaint in this case fails to allege any facts for the Court to reasonably infer that Salesforce had pre-suit knowledge of the '731 patent.  Indeed, the Complaint only alleges that "Salesforce has received notice and actual or constructive knowledge of the '731 patent since at least the date of service of this Complaint" (Dkt. 1 at ¶ 31), and thus does not establish that Salesforce had any pre-suit knowledge of the '731 patent.  Accordingly, the Court should dismiss WSOU's indirect infringement claims.

### B.  <u>WSOU Cannot Plead The Requisite Specific Intent For Induced Infringement</u>

WSOU also fails to plead specific intent in support of its inducement claim.  Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, *not merely that the inducer had knowledge of the direct infringer's activities*.'"  *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)) (emphasis added); *see also Promotional Techs., LLC v. Facebook, Inc.*, No. 3:11-CV-3488-P, 2012 WL 13026789, at *5 (N.D. Tex. Sept. 27, 2012) (dismissing inducement claims where plaintiff's "Original Complaint does not contain any allegations of the Defendants' specific intent to induce or active steps to encourage another's infringement" because "[a] patentee must provide factual allegations in support of the elements of inducement that have some evidentiary support.").

WSOU's allegations of specific intent amount to a conclusory statement that Defendant "actively induced" others to infringe through its advertising and promotional materials and some website citations:

> 32.  Since at least the date of service of this Complaint, through its actions, Salesforce has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '731 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:
>
> - https://help.salesforce.com/articleView?id=service_cloud.htm&type=5
> - https://help.salesforce.com/articleView?id=cti_admin_phonelayoutscreate.htm&type=5https://www.youtube.com/watch?v=UHXsKW0P1m4
> - https://help.salesforce.com/articleView?id=support_admins_intro.htm&type=5
> - https://help.salesforce.com/articleView?id=rules_escalation_rule_entry.htm&type=5
> - https://help.salesforce.com/articleView?id=rules_escalation_create.htm&type=5
> - https://help.salesforce.com/articleView?id=rules_escalation_actions.htm&type=5
> - https://help.salesforce.com/articleView?id=cases_fields.htm&type=5
> - https://www.salesforce.com/eu/form/conf/demo-service/?leadcreated=true&redirect=true&chapter=&DriverCampaignId=70130000000lxDoAAI&player=&FormCampaignId=70130000000snvj&videoId=&playlistId=&mcloudHandlingInstructions=&landing_page=

(Dkt. 1 at ¶ 32.)   These conclusory allegations fail to present any facts demonstrating:   (1) Salesforce knew that the alleged acts infringed, and (2) Salesforce knew that the promotion of its products would induce or encourage others to infringe the asserted patent.  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement.").

In *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, this Court found that "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are . . . insufficient" for an induced infringement claim (*see* No. W:13-

CV-365, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014)) where Plaintiffs alleged that "Toyota and/or its distributors or representatives have sold or otherwise provided Toyota automobiles with sound systems—including at least, for example, the Toyota Tundra—to third parties, such as Toyota's customers" (*see id.,* Dkt. 1, ¶¶ 36, 47 (Nov. 21, 2013).  Similarly, here, WSOU's allegations listing the marketing and promotional websites for the accused product are similarly insufficient to show that Salesforce had specific intent to induce its customers to infringe. *See MONEC Holding AG v. Motorola Mobility, Inc*., 897 F. Supp. 2d 225, 234 (D. Del. 2012) ("Allegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement."); *see also Affinity Labs of Texas, LLC v. Blackberry Ltd*., No. W:13-CV-362, 2014 WL 12551207, at *6 (W.D. Tex. Apr. 30, 2014) (dismissing induced infringement allegations where "Plaintiff does not specify how the marketing and selling activities of [Defendant] actually induced third-parties to infringe the [asserted patent]."); *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-751-JDL, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015), *report and recommendation adopted*, No. 6:14-CV-751-JRG-JDL, 2015 WL 13885437 (E.D. Tex. July 15, 2015) ("[G]eneric allegations that an alleged infringer provides instructional materials along with the accused products, without more, are insufficient to create a reasonable inference of specific intent for the purposes of an induced infringement claim."); *compare with Achates Reference Pub., Inc. v. Symantec Corp*., 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) *report and recommendation adopted*, 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26, 2013) (noting that since the defendant's software required its customers to complete a mandatory activation step to use its products, thereby utilizing plaintiff's patent, the court could reasonable infer induced infringement since the plaintiff included allegations beyond the mere purchase and usage of a product by a third person).

11

Moreover, Plaintiff's allegations also fail to provide any specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent—*i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." *Ruby Sands*, 2016 WL 3542430, at *3. WSOU's inducement claim should also be dismissed on this separate basis, as the Complaint is entirely deficient on this critical requirement of induced infringement.

### C.   WSOU Also Cannot Plead The Requisite Lack Of Substantial Non-Infringing Uses For Contributory Infringement

WSOU's contributory infringement allegations also fail because WSOU did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Inhale, Inc v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018) (citing *In re Bill of Lading*, 681 F.3d at 1344–46). WSOU has not done so and cannot do so. WSOU's allegations amount to little more than a conclusory statement that repeats the legal elements. For the instant action, WSOU alleges that:

> 33. Since at least the date of service of this Complaint, through its actions, Salesforce has contributed to the infringement of the '731 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '731 Patent. The Accused Products are especially made or adapted for infringing the '731 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '731 Patent.

(*See* Dkt. 1 at ¶ 33.) As the Federal Circuit held in *Artrip v. Ball Corp.*, conclusory allegations such as these are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [Accused Product] it supplied had no substantial noninfringing use"). WSOU's failure to raise a plausible inference of no substantial noninfringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, Salesforce respectfully requests that the Court dismiss WSOU's

complaint.  Pursuant to L.R. CV-7(h), Salesforce requests an oral hearing on the foregoing motion.

DATED: May 6, 2021                         Respectfully submitted,


By      */s/ Kevin P.B. Johnson*
Scott L. Cole
scottcole@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
201 West 5th Street
11th Floor
Austin, TX 78701
Telephone: (737) 667-6104

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Sam Stake
samstake@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, Floor 22,
San Francisco CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Defendant salesforce.com, inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 6, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  May 6, 2021                         */s/ Scott L. Cole*                                          
                                                              Scott L. Cole