IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>          Plaintiff,<br><br>v.<br><br>SALESFORCE.COM, INC.<br><br>          Defendant. | Civil Action No.: 6:20-cv-1163-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SALESFORCE'S REPLY IN SUPPORT OF ITS RULE 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. WSOU'S COPY/PASTE ERROR ................................................................................... 1
II. WSOU'S ALLEGATIONS OF DIRECT INFRINGEMENT FAIL .................................. 2
    A. WSOU Fails To Allege Direct Infringement of A Caller ID Patent By A Website Menu ........................................................................................................ 2
    B. Salesforce's Motion to Dismiss Does Not Implicate Claim Construction Issues ...................................................................................................................... 6
    C. WSOU Fails To Allege Joint Infringement ........................................................... 7
III. WSOU'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED ............. 8
    A. WSOU Failed To Plead the Required Pre-Suit Knowledge .................................. 8
    B. WSOU Failed To Plead Specific Intent ................................................................. 9
    C. WSOU Failed To Plead Substantial Non-Infringing Use .................................... 10
IV. CONCLUSION ................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

## **Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
   2014 WL 2892285 (W.D. Tex. May 12, 2014) ........................................................................ 9

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ........................................................................................ 10

*Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*,
   672 F.3d 1335 (Fed. Cir. 2012) ........................................................................................... 8, 9

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*,
   904 F. Supp. 2d 1260 (M.D. Fla. 2012) ................................................................................... 9

*Canon, Inc. v. TCL Elecs. Holdings Ltd.*,
   No. 2:18-cv-546, 2020 WL 1478356 (E.D. Tex. Mar. 25, 2020) ........................................... 10

*Castlemorton Wireless, LLC v. Bose Corp.*,
   No. 6:20-cv-00029, 2020 WL 6578418 (W.D. Tex. July 22, 2020) ......................................... 8

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-CV-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018) ........................... 4, 5

*De La Vega v. Microsoft Corp.*,
   No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ........................... 7

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ................................................................................ 2, 3, 4, 5, 6

*Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, SA-18-CV-1335-XR,
   2019 WL 2601347 (W.D. Tex. June 25, 2019) ....................................................................... 5

*ESW Holdings, Inc. v. Roku, Inc.*,
   6:19-CV-00044-ADA, 2019 WL 10303653 (W.D. Tex. May 13, 2019) ................................ 2

*F2VS Techs., LLC v. Aruba Networks, Inc.*,
   No. 17-CV-0754-RGA, 2018 WL 1732152 (D. Del. Apr. 10, 2018) ................................... 3, 4

*Garrett v. TP-Link Rsch. Am. Corp.*,
   No. 20-CV-03491-SI, 2020 WL 5517202 (N.D. Cal. Sept. 14, 2020) ..................................... 4

*H-W Tech., L.C. v. Apple, Inc.*,
   3:11-CV-651-G, 2013 WL 12124025 (N.D. Tex. May 28, 2013) ........................................... 8

*Maxell Ltd. v. Apple, Inc.*,
   5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ..................................... 9

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) ................................................................................... 3

*Motiva Patents, LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019) ............................................................................ 10

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018) ............................................................................. 8, 9, 10

*Nomadix, Inc. v. Hosp. Core Servs. LLC*,
    No. CV 14-08256 DDP VBKX, 2015 WL 1525537 (C.D. Cal. Apr. 3, 2015) ........................ 10

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
    Civil Action No. 17–506–LPS–CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017),
    *report and recommendation adopted*, No. CV 17-506-LPS-CJB, 2018 WL 11182741
    (D. Del. Jan. 3, 2018) .................................................................................................. 2, 4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ............................................ 8

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020) .......................................................... 8

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
    4:19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ....................................... 2, 6

*Regents of Univ. of Michigan v. Leica Microsystems Inc., 19-CV-07470-LHK*,
    2020 WL 2084891 (N.D. Cal. Apr. 30, 2020) ..................................................................... 6

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
    No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) .............................. 3, 5

*Script Security Solutions LLC v. Amazon.com, Inc.*,
    170 F. Supp. 3d 928 (E.D. Tex. 2016) ............................................................................ 10

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd., W-19-CV-00257-ADA*,
    2020 WL 278481 (W.D. Tex. Jan. 10, 2020) ................................................................... 6, 7

*Synopsys, Inc. v. ATopTech, Inc.*,
    No. C 13-CV-02965 SC, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ................................ 10

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013) ........................................................................................ 9

*Telecomm Innovations, LLC v. Ricoh Co., Ltd.*,
    966 F. Supp. 2d 390 (D. Del. 2013) ................................................................................ 10

*Throop, LLC v. Google LLC*,
    No. CV-1910602-AB-MRWx, 2020 WL 4355302 (C.D. Cal. Apr. 9, 2020) ......................... 3, 4

*U.S. Water Servs., Inc. v. Novozymes A/S*,
    25 F. Supp. 3d 1088 (W.D. Wis. 2014) ................................................................................. 10

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
    No. CV 19-1075-CFC-SRF, 2021 WL 271800 (D. Del. Jan. 27, 2021) ............................... 2, 4

*WSOU Invs., LLC v. Dell Techs., Inc.*,
    No. 6:20-cv-478, Dkt. 73 (W.D. Tex. Dec. 22, 2020) ......................................................... 8, 9

**STATUTES/RULES**

FRCP Rule 12(b)(6) ................................................................................................... 3, 4, 5, 6

WSOU's complaint implausibly asserts that claims directed to flexible caller ID are met by website menu translation. The complaint does not support any inference that the identified website menus perform any caller ID method, and instead talks only about web menu translation based on user location—subject matter unrelated to the asserted patent. Why? Because WSOU apparently made a mistake in filing this suit, copying its complaint against Salesforce on another patent directed to menu translation. *See* Cole Decl. Ex. 1 (comparing complaint in Case No. 6:20-cv-01172 with complaint here, the two complaints are virtually the same in substance; ¶¶ 1-7, 10, 20, 28-31, 33 are the same other than changed patent numbers; remaining differences do not relate to patent asserted here). Rather than acknowledge this error, however, WSOU doubles down on its mistake, and in effect argues for the elimination of the Court's plausibility pleading requirements. Accordingly, the Court should dismiss this suit in its entirety.

Independently, WSOU's indirect infringement claims should be dismissed because WSOU ignores the Court's clear precedent requiring pre-suit knowledge and provides only threadbare allegations for induced and contributory infringement.

## I.    WSOU'S COPY/PASTE ERROR

WSOU's complaint is largely a copy of a different complaint it filed against Salesforce, on a different patent, before this Court. Here, WSOU purports to assert U.S. Patent No. 7,551,731 (the "'731 patent") titled "Flexible Caller ID And Calling Name Information Presentation." (Dkt. 1-1 at 2.) But WSOU's only reference to the substance of the '731 patent in its complaint is in paragraph 2, which contains only the patent number and title. (Dkt. 1 at pg. 3 ¶ 2.) However, the complaint contains repeated references to U.S. Patent No. 9,336,320 (the '320 patent), which WSOU has asserted against Salesforce in Case No. 6:20-cv-01172 before this Court. The '320 patent in its abstract states that it relates to "Presentation of [] selected menu items in a bridge." (No. 6:20-cv-01172, Dkt. 1-1.) Like the complaint in that action, WSOU's complaint here is

focused on allegations relating to menu items in a bridge. (*E.g*. Dkt. 1 at pg. 10 ¶ 14 ("the Salesforce Navigation Menu acts as a bridge between the menu items of a website and a mobile application").) Salesforce has prepared a redline of the two complaints, which makes clear that WSOU's complaint here is in substance a copy of its complaint in the 6:20-cv-01172 action on the '320 patent. *See* Cole Decl. Ex. 1. The only differences are the replacement of references to the '320 patent with references to the '731 patent, and ministerial edits. *See id*. There is no difference in substance. WSOU's complaint here contains the same basic substance of its allegations on the '320 patent—an entirely unrelated patent—and **no substance specific to the '731 patent**.

## II. WSOU'S ALLEGATIONS OF DIRECT INFRINGEMENT FAIL

### A. WSOU Fails To Allege Direct Infringement of A Caller ID Patent By A Website Menu

Controlling law and common sense dictate that WSOU should not be allowed to proceed on a complaint that contains only copy-pasted allegations relating to different patent. While the "fair notice" pleading standard articulated in *Disc Disease Sols. Inc. v. VGH Sols*., Inc., 888 F.3d 1256 (Fed. Cir. 2018) is lenient to a degree, litigants may nonetheless "plead themselves out of court by alleging facts that establish defendants' entitlement to prevail." *Qwikcash, LLC v. Blackhawk Network Holdings, Inc*., 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (collecting cases); *ESW Holdings, Inc. v. Roku, Inc.*, 6:19-CV-00044-ADA, 2019 WL 10303653, at *2 (W.D. Tex. May 13, 2019). And that is exactly what WSOU has done here.

WSOU's entire complaint should be dismissed because the claim language and alleged features of the accused products are so incongruous as to make the complaint implausible on its face. Indeed, "if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claim from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent)." *See Uniloc 2017 LLC v. Zenpayroll, Inc.*, No. CV 19-1075-CFC-SRF, 2021 WL 271800, at *2 (D. Del. Jan. 27, 2021)

(*citing N. Star Innovations, Inc. v. Micron Tech., Inc.*, Civil Action No. 17–506–LPS–CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017), *report and recommendation adopted*, No. CV 17-506-LPS-CJB, 2018 WL 11182741 (D. Del. Jan. 3, 2018). Here, based on the complaint, it is not plausible that Salesforce Communities website menus read on any limitation of the '731 patent's "Flexible Caller ID And Calling Name Information Presentation" claims. (Dkt. 1-1.) For example, the claims require "a calling terminal." (*See id.*, Claim 1.) Yet, it is not plausible, and WSOU has not alleged, that Salesforce Communities web menus constitute a calling terminal. Claim 1 also requires: "entering a command to use at least one of an alternate caller name, an alternate caller number and an alternate caller message." Yet it is not plausible, and WSOU has not alleged, that Salesforce Communities web menus relate to calling at all, let alone use of an alternate caller name, number, or message. The complaint thus does not give rise to any conceivable connection between "Flexible Caller ID And Calling Name Information Presentation" and Salesforce Communities web menus, and WSOU has, conspicuously, pointed to none in its Opposition.

Accordingly, WSOU has failed to provide the "fair notice of what the ... claim is and the ground upon which it rests" required under *Disc Disease* by failing to allege any plausible connection between the asserted patent and the accused technology. 888 F.3d 1260. Courts routinely dismiss claims of patent infringement under these circumstances. *See, e.g., Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (affirming dismissal under Rule 12(b)(6) as it was implausible claims requiring reclosing/reclosable seal could be infringed by product with an open hole)*; Ruby Sands LLC v. Am. Nat'l Bank of Texas*, 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (dismissing claims because image transfer system patent was "clearly not directed to delivering emergency messages over disparate networks"); *F2VS Techs., LLC v. Aruba Networks, Inc.*, 17-CV-0754-RGA, 2018 WL 1732152, at *2 (D. Del. Apr. 10, 2018) (attempt to assert claims covering a wireless network comprised of

nodes against a router implausible); *Throop, LLC v. Google LLC*, CV-1910602-AB-MRWx, 2020 WL 4355302, at *3 (C.D. Cal. Apr. 9, 2020) (rejecting attempt to incorporate by reference allegations as to a patent concerning "transceiver capable of wirelessly connecting to a general purpose node ..." to another patent on "transceiver, comprising: a transmitter connected to the codec"); *Zenpayroll*, 2021 WL 271800, at *3 (similar for failure to connect centralized network management server and target on-demand sever elements of claim language to accused platform).

Many of these cases involved arguably closer calls, such as a network patent against a router in *F2VS Techs*, or two different transceiver patents in *Throop*. What WSOU asks the Court to sanction here is much further afield—the complaint articulates no connection between the caller ID claims of the asserted patent and the web menus it purports to accuse, and contains only allegations relating to a different patent. Neither the Fifth Circuit's disfavor of 12(b)(6) motions nor *Disc Disease* can save WSOU's errant complaint, as WSOU would not be entitled to relief under any set of facts or any possible theory it could prove consistent with the allegations there.

WSOU is incorrect in asking the Court to set aside *Chapterhouse, LLC v. Shopify, Inc.*, 2:18-CV-00300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) based on the comparative complexity of the patents involved. (Opp. 3.) It is not clear from WSOU's complaint that the '731 patent involves "simple technology," and WSOU notably does not argue that the technology is simple. WSOU instead attempts to distinguish *Chapterhouse* based on the number of claims and patents at issue there versus in *Disc Disease*. (*Id.*) But that is not the question— instead, courts ask under *Disc Disease* whether the claims implicate "complicated technology," under which circumstances "more is likely going to be necessary." *Garrett v. TP-Link Rsch. Am. Corp.*, 20-CV-03491-SI, 2020 WL 5517202, at *4 (N.D. Cal. Sept. 14, 2020) (quotation omited). In *Garrett*, a patent relating to a surveillance camera and mobile device for receiving surveillance information was significantly technologically complex to require that 'something more'—so

photographs of accused products without specific allegations were insufficient under *Disc Disease*. 2020 WL 5517202, at *4. Accordingly, though *Chapterhouse* considered claim complexity in applying *Disc Disease*, its requirement that a patentee allege with particularity how screenshots meet the text of an exemplary claim should apply here with equal force. 2018 WL 6981828, at *2.

WSOU's further citation to *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, SA-18-CV-1335-XR, 2019 WL 2601347, at *4 (W.D. Tex. June 25, 2019) is also inapposite. That court applied *Disc Disease* where a patentee alleged that a smartwatch infringed a wireless communications patent by providing notifications for social media, email, and events. *Id*. at *1. The plausibility of this claim was based, *inter alia*, on the patentee's contention that the accused product "provide[d] [an] encrypted message to [a] second mobile station" by, among other things, stating that "messages exchanged between the first and second mobile stations are encrypted with [a] common encryption key." *Id*. at *4. Thus, the patentee in *Encoditech* expressly averred a connection between the asserted patent and the accused technology's delivery of encrypted messages. WSOU's complaint here does nothing of the sort. *Encoditech* in no way suggests a patentee may proceed with entirely incongruous allegations as WSOU attempts to do here.

*Ruby Sands* is particularly instructive. 2016 WL 3542430, at *5. There, Judge Gilstrap held that "the 'inadvertent' inclusion of language presumably taken from a pleading directed to a different case, and completely unrelated to the patent-in-suit, is ***indicative of the kind of cut-and-paste pleading practices that Rule 12(b)(6) was meant to address.***" *Id.* (emphasis added). Dismissing this complaint would not require the Court to "carve out an exception" to *Disc Disease*, as WSOU suggests. (Opp. 3.) To the contrary, allowing WSOU to proceed would eviscerate the bar for pleading patent infringement, rendering *Disc Disease* and Rule 12(b)(6) practically meaningless. Accordingly, WSOU's entire complaint should be dismissed.

B.    **Salesforce's Motion to Dismiss Does Not Implicate Claim Construction Issues**

WSOU also unconvincingly argues that by stating the '731 patent is directed to the "displaying of alternative caller ID information," Salesforce advances a claim construction position. This argument is without merit. The '731 patent is titled "Flexible Caller ID And Calling Name Information Presentation." (Dkt. 1-1 at 2.) WSOU cannot credibly dispute that it relates to caller ID, or that Claim 1 claims a method for "providing caller flexibility information of a calling terminal" *i.e.* "at least one of an alternate caller name, an alternate caller number and an alternate caller message." (*Id.*, *see also* Abstract: embodiments "provide for network support for providing caller flexibility on "name", "number", and "message"; *id.* 1:50-2:2 (drawback of prior art is that contemporary caller ID systems provide limited control to an end user/operator on what is displayed at the called party device).) No construction of any term is necessary for the Court to recognize the incongruous and errant nature of WSOU's complaint. Neither party is advancing a claim construction position on this motion. Like the *Qwikcash* court, this Court should hold that it "need not engage in claim construction to decide [Salesforce]'s dismissal motion because [WSOU]'s allegations of direct infringement are patently unworkable." 2020 WL 6781566, *5.

WSOU's two claim construction cases are of no avail. (Opp. 4.) *Regents of Univ. of Michigan v. Leica Microsystems Inc.*, 19-CV-07470-LHK, 2020 WL 2084891 (N.D. Cal. Apr. 30, 2020) involved a technical claim construction dispute: whether a "supercontinuum white light limitation require[d] all or only a portion of [a] 'supercontinuum white light pulse' to physically reach and excite [] fluorophores in [a] sample.'" *Id*. at *6. *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, W-19-CV-00257-ADA, 2020 WL 278481, at *5 (W.D. Tex. Jan. 10, 2020) discussed the propriety of performing claim construction before determining § 101 eligibility. Here, unlike in *Univ. of Michigan* and *Slyce*, there is no claim construction dispute, and no § 101 question.  And neither case suggests WSOU should be allowed to kick the can down the road

where its pleading gives rise to no plausible inference of any connection between the asserted patent and the accused product, and is a copy-paste of a complaint on a separate patent.

WSOU also suggests in a single sentence that discovery is needed, or that Salesforce's arguments for dismissal involve a "factual dispute regarding the functionality of the accused products." (Opp. 4.) But WSOU fails to identify what the alleged factual dispute is, or how any discovery could possibly change the analysis. The Court's *Slyce* decision does not support this argument either. There, the Court addressed the defendant's burden to provide clear and convincing evidence in support of § 101 challenges. 2020 WL 278481, at *6. Here, there is no such issue, and WSOU should not be excused from correcting its errant complaint.

### C. WSOU Fails To Allege Joint Infringement

WSOU also fails to rebut that its claims of direct infringement should also be dismissed for failure to allege joint infringement. WSOU argues that Salesforce relies on a tacit claim construction here. (Opp. 4.) This is wrong—Salesforce relies on WSOU's deficient allegations in the complaint. (Mot. 6-7.) ***WSOU alleges the performance of the asserted claim by multiple parties***—administrators, visitors, and users. (*Id*. citing Dkt. 1 at pg. 5 ¶ 7, ¶¶ 19, 23). This is a charge of joint infringement and requires plausible allegations of a joint enterprise such that performance of every step is attributable to the controlling party. *See*, *De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at *3–4 (W.D. Tex. Feb. 11, 2020).

This case is directly analogous to *De La Vega*, and WSOU fails to distinguish the Court's ruling there. There, this Court found, without requiring any claim construction, that the claim "on its face plainly requires at least multiple actors" because the patentee so plead in its complaint. 2020 WL 3528411, at *4. More particularly, plaintiff contended that infringement required three actors, namely, Microsoft as to certain limitations and two other users as to other limitations. *Id.* Here, WSOU purports to allege performance of a method by three actors: administrators, visitors,

7

and users.  (Dkt. 1 at ¶¶ 7, 19, 23.)  WSOU argues that "the language of claim 1 can be construed so the claim is performed by a single actor" (Opp. 4), but this misses the point.  WSOU has not alleged that all steps are performed by a single entity.  Accordingly, *H-W Tech., L.C. v. Apple, Inc.*, 3:11-CV-651-G, 2013 WL 12124025, at *5 (N.D. Tex. May 28, 2013) (Opp. 5) is inapposite.  There, the defendant argued the patentee had to allege joint infringement based on the nature of the claims.  *Id*.  Here, WSOU has already alleged performance by multiple parties, but has failed to meet its pleading burden.  The Court should dismiss the complaint on this independent basis.

### III.     WSOU'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED[1]

#### A.     <u>WSOU Failed To Plead the Required Pre-Suit Knowledge</u>

WSOU does not contest that it failed to plead pre-suit knowledge.  (Opp. 5.)  This Court has ***routinely*** held that allegations of indirect infringement require pre-suit knowledge.  *See, e.g., Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432, Dkt. 54 (W.D. Tex. Feb. 20, 2020); *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019); *Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-cv-00029, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020).  The onus is on WSOU to explain why the Court should deviate from its standard practice of dismissing these claims.  *WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 73 at 76:1-11 (W.D. Tex. Dec. 22, 2020).  WSOU's case law discussion for other districts (*see* Opp. 5-7) is irrelevant.  Regardless of what other district judges have decided, the rulings of this Court are clear:  pre-suit knowledge is required for indirect infringement.

WSOU's reliance on *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1345 (Fed. Cir. 2012) for the proposition that a party may seek to pursue claims that accrue during the pendency of a lawsuit is misplaced.  ***First,*** this Court has already rejected precisely this same

---

[1] WSOU's Oppositions to Salesforce's motions to dismiss in each co-pending action before this Court are effectively identical as to indirect infringement.  Salesforce's reply arguments apply across the board, though they are consolidated here in light of space constraints.

8

argument made earlier by WSOU.  *See WSOU Invs., LLC v. Dell Techs., Inc.*, No. 6:20-cv-478, Dkt. 55 at 3, 5-6, 8, Dkt. 73 at 76:14-77:7.  **Second**, *Aspex Eyewear* addressed the scope of res judicata, and has nothing to do with the question of whether the filing of a complaint can create a cause of action.  *Aspex Eyewear*, 672 F.3d at 1345.  **Third**, other Federal Circuit decisions confirm that allegations of pre-suit knowledge are, in fact, required in order to allege indirect infringement.  *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013).  Thus, this Court's precedent is fully consistent with Federal Circuit precedent and with the knowledge requirement itself.[2]

### B. WSOU Failed To Plead Specific Intent

WSOU exaggerates the allegations actually set forth in its complaint, which are in truth strikingly similar to the dismissed allegations in *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014).  There, Plaintiffs alleged that "Toyota and/or its distributors or representatives have sold or otherwise provided Toyota automobiles with sound systems—including at least, for example, the Toyota Tundra—to third parties, such as Toyota's customers."  No. W:13-CV-365, Dkt. 1, ¶¶ 36, 47 (Nov. 21, 2013) *cf.* Compl. ¶ 32.

WSOU's cited cases are distinguishable.  In *Maxell Ltd. v. Apple, Inc.*, the Court explicitly stated that "reference to instructions without allegations of which functionalities are at issue or facts identifying how those instructions direct customers to use the products in an infringing manner is insufficient" and that "generic statements regarding the provisions of instructions are insufficient."   5:19-CV-00036-RWS, 2019 WL 7905455, at *4 (E.D. Tex. Oct. 23, 2019).  WSOU's allegations of induced infringement are precisely the kind of "general statements" which *Maxell* indicated are insufficient, unlike the specific allegations of directions upheld in that case.

---

[2]  Other courts that have considered Federal Circuit precedent on this issue have likewise concluded that the Federal Circuit has never allowed indirect infringement allegations on post-suit knowledge.  *See Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012).

9

In *Nalco Co. v. Chem-Mod, LLC*, the Federal Circuit confirmed that the plaintiff met the pleading standard by pleading detailed allegations of specific and concrete actions taken by defendants to induce third parties. 883 F.3d 1337, 1356 (Fed. Cir. 2018); *see also* Case No. 1:14-cv-2510, Dkt. 108, ¶ 57 (N.D. Ill. Nov. 16, 2015). WSOU's allegations are generic compared to those in *Nalco*.[3]

### C. WSOU Failed To Plead Substantial Non-Infringing Use

WSOU's complaint does not plausibly suggest that the Accused Products "could not be used 'for purposes *other than* infringement.'" *Artrip v. Ball Corp.,* 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). In *Synopsys, Inc. v. ATopTech, Inc.*, the court dismissed claims of contributory infringement, finding "Plaintiff has failed to raise the reasonable inference that Defendant's software has no substantial non-infringing uses." No. C 13-CV-02965 SC, 2013 WL 5770542, at *16 (N.D. Cal. Oct. 24, 2013).[4] The Court should reach the same outcome here, where WSOU's complaint omits any similar allegation of specific design for infringing use and fails to satisfy this threshold for pleading contributory infringement. *See* Compl. ¶ 33.

## IV. CONCLUSION

Salesforce respectfully requests that the Court grant its motion to dismiss.

---

[3] WSOU's other cases are likewise inapposite. In *Script Security Solutions LLC v. Amazon.com, Inc.*, the plaintiffs alleged intent by pleading "that the defendants arranged to remain willfully blind to Script's patents by adopting a policy of not reviewing the patents of others." 170 F. Supp. 3d 928, 937 (E.D. Tex. 2016); *see also Canon, Inc. v. TCL Elecs. Holdings Ltd.*, No. 2:18-cv-546, 2020 WL 1478356, at *5-6 (E.D. Tex. Mar. 25, 2020) (relying on allegations that defendant took "active steps to encourage and facilitate" particular groups of direct infringers); *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 825-26 (E.D. Tex. 2019) (emphasizing allegations that the defendant entered "into contractual relationships with others," and recognizing that the "normal and customary use of the accused products" would infringe (emphasis omitted)); *Nomadix, Inc. v. Hosp. Core Servs. LLC*, No. CV 14-08256 DDP VBKX, 2015 WL 1525537, at *3 (C.D. Cal. Apr. 3, 2015) (finding sufficient allegations of "active steps" such as "provid[ing] instructions to end-users on how to obtain internet access and that Defendant trains hotel employees to assist guests to obtain network access" along with "allegations that obtaining such internet access requires the infringing use of the patented systems as a whole."); *Telecomm Innovations, LLC v. Ricoh Co., Ltd*., 966 F. Supp. 2d 390, 395 (D. Del. 2013) (finding sufficient a complaint which "contains factual allegations, not mere legal elements, showing an intent to induce infringement"); *U.S. Water Servs., Inc. v. Novozymes A/S*, 25 F. Supp. 3d 1088, 1094 (W.D. Wis. 2014) (sufficient to "allege that defendants knew of plaintiffs' technology and patents and that they instructed potential customers to buy their product and use it in the same way as plaintiffs' patented methods").

[4] *Motiva Patents* does not compel a different outcome. *See* 408 F. Supp. 3d at 835 (finding sufficient allegation, absent here, that the accused products had "special features [related to motion sensors] that [were] specifically designed to be used in an infringing way" and could not be used in any other manner).

DATED: July 19, 2021                    Respectfully submitted,


                                        By  /s/ Scott L. Cole
                                            Scott L. Cole
                                            scottcole@quinnemanuel.com
                                            Quinn Emanuel Urquhart & Sullivan, LLP
                                            201 West 5th Street
                                            11th Floor
                                            Austin, TX 78701
                                            Telephone: (737) 667-6104

                                            Kevin P.B. Johnson
                                            kevinjohnson@quinnemanuel.com
                                            Todd Briggs
                                            toddbriggs@quinnemanuel.com
                                            Quinn Emanuel Urquhart & Sullivan, LLP
                                            555 Twin Dolphin Drive, 5th Floor
                                            Redwood Shores, CA 94065
                                            Telephone: (650) 801-5000
                                            Facsimile: (650) 801-5100

                                            Sam Stake
                                            samstake@quinnemanuel.com
                                            Quinn Emanuel Urquhart & Sullivan, LLP
                                            50 California Street, Floor 22,
                                            San Francisco CA 94111
                                            Telephone: (415) 875-6600
                                            Facsimile: (415) 875-6700

                                            *Attorneys for Defendant salesforce.com, inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 19, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  July 19, 2021                           */s/ Scott L. Cole*_____
                                                                Scott L. Cole